UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOREY SANDERS,

        Petitioner,                    Case No. 2:24-cv-11969

v.                                        Honorable Susan K. DeClercq
                                            United States District Judge

ANTHONY M. WICKERSHAM,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS PETITION FOR FAILING TO CORRECT FILING DEFICIENCIES AND FOR LACKING MERIT, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Korey Sanders, incarcerated at Macomb County Jail in Mt. Clemens, Michigan, has filed a habeas petition under 28 U.S.C. § 2241, unaided by counsel. ECF No. 1. Sanders seeks review of a detainer issued in connection with his violation of the terms of his federal supervised release.

But he did not pay the $5.00 filing fee, file a properly supported application to proceed without prepayment, or file a petition complying with minimum pleading requirements for initiating a habeas action. *See* ECF No. 2.

He was warned that failing to fix these issues would result in dismissal of his petition with prejudice. *See* ECF No. 7. Sanders's deadline was August 16, 2024. *See* FED. R. CIV. P. 6(d).

To date, he has not prepaid the fees, properly requested an exemption, or filed a facially sufficient habeas petition.

He has also failed to keep the Court informed of his whereabouts, in violation of this Court's Notice dated August 2, 2024. ECF No. 4 at PageID.15. All efforts by this Court to reach Sanders by mail have been fruitless. ECF No. 9, 10, 11, 12 (Mail Returned as Unavailable).

Therefore, this Court must presume that he is proceeding without prepayment, assess the whole fee, and dismiss the case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). "If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket"—even if the plaintiff attempts to pay the filing fees. *Id.*; *see also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (holding that *McGore* applies "where the district court dismisses cases *sua sponte* under 28 U.S.C. § 1915A"), *abrogated on other grounds by Jones*, 549 U.S. 199; *see also Redd v. Redmon*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision) (same for cases dismissed "under § 1915(e)(2)(A)"); *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023) (same for cases dismissed under 28 U.S.C. § 1915(b)).

Accordingly, it is **ORDERED** that the Petition, ECF No. 1, is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(b), (e)(2)(A); Fed. R. Civ. P. 41(b); Rule 2 of the Rules Governing § 2254 Cases.

Further, it is **ORDERED** that the Petition is **PROHIBITED** from being reinstated to the district court's active docket—even if Plaintiff attempts to pay the filing fees.

Further, it is **ORDERED** that Petitioner is **DENIED** a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

Further, it is **ORDERED** that Petitioner is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

**This final order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 8/22/2024